Stephanie R. Tatar (237792)
TATAR LAW FIRM, APC
3500 West Olive Avenue, Suite 300
Burbank, CA 91505
Telephone: (323) 744-1146
Facsimile: (888) 778-5695

*Attorney for Plaintiff*
*William Joseph Whelan*

Nilab Rahyar
JONES DAY
3161 Michelson Drive Suite 800
Irvine, CA 92612
Telephone:   (949) 851-3939
Facsimile:    (949) 553-7539

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM JOSEPH WHELAN<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.<br><br>Defendant. | **Case No. SACV 15-0345-CJC-JCG**<br><br>**RULE 26(F) REPORT** |

Plaintiff William Joseph Whelan ("Plaintiff") and Defendant Experian Information Solutions, Inc. ("Experian"), hereby submit the following Joint Status Report:

1

# STATEMENT OF THE CASE

### A. PLAINTIFF

Plaintiff brings this action for damages against Defendant Experian Information Solutions, Inc. ("Experian"), for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. 1681a *et seq.* ("FCRA"). Plaintiff's Experian credit file became mixed with that of another individual whom Plaintiff does not know and is of no relation to Plaintiff. Defendant was reporting derogatory information belonging to the other individual as belonging to the Plaintiff. Defendant also marked Plaintiff as "deceased" on his credit report. As a result of Defendant's inaccurate reporting, Plaintiff has lost credit opportunities, experienced damage to his credit reputation and suffered emotional distress. Plaintiff seeks statutory, actual and punitive damages, as well as his costs of the action together with reasonable attorney's fees once he is successful in establishing liability.

### B. EXPERIAN

Experian is a consumer credit reporting agency, as that term is defined by the FCRA. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms.

The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to assure the maximum possible accuracy of the information it reports on consumers. In recognizing that no credit reporting system can be error free, Congress specifically provided consumers with the ability to contact credit reporting agencies to dispute information appearing on their credit disclosures. In

many instances, Experian's procedures to ensure the maximum possible accuracy of the information it reports requires notice from a consumer to alert Experian of a potential inaccuracy. Experian's reasonable procedures were followed at all times with respect to Plaintiff's credit file. Experian therefore has no liability in this case.

## LEGAL ISSUES

Whether Experian either negligently or willfully violated the 15 U.S.C. § 1681e(b), which requires a consumer credit reporting agency to maintain reasonable procedures to ensure the maximum possible accuracy of the information reported.

## DAMAGES

### A. PLAINTIFF

Plaintiff seeks actual damages in the form of lost credit opportunities, harm to Plaintiff's credit rating and reputation, emotional distress, statutory damages under the FCRA, punitive damages, and attorney's fees and costs under the fee-shifting provisions of the FCRA.

These damages suffered by Plaintiff are well recognized as cognizable under the FCRA, and related common law claims. There is no "computation" in these circumstances for damages deriving from lost credit opportunities, harm to Plaintiff's credit reputation and emotional distress other than their valuation by a jury.

Statutory or punitive damages will be set by the jury. Attorney's fees and costs will be determined after Plaintiff is successful in establishing liability in this matter.

### B. EXPERIAN

Experian does not allege any damages at this time but reserves the right to

do so, and will provide a computation of each category of damages to the extent Experian exercises that right as a supplement to these disclosures. Further, Experian denies all liability to Plaintiff for any damages.

## INSURANCE

Based on Experian's present insurance and applicable deductibles, no insurance carrier would be liable to satisfy part or all of any likely judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy any likely judgment.

## MOTIONS

Experian anticipates that it may file discovery and dispositive motions, in whole or in part, depending on the information obtained in discovery.

## MANUAL FOR COMPLEX LITIGATION

The parties agree that the issues in this matter do not warrant classification of this case as complex.

## DISCOVERY

The parties conducted their Rule 26(f) Conference on May 5, 2015. The parties will serve their initial disclosures by May 25, 2015.

The parties anticipate propounding written discovery and taking depositions of, including but not limited to, Plaintiff and appropriate Experian representatives.

The parties further anticipate entering into a Stipulated Protective Order to protect the confidentiality of Plaintiff's personal identifying information and Experian's documents, which are confidential, proprietary, and subject to trade secret. The parties do not propose any modification the discovery limitations imposed by the Federal Rules of Civil Procedure or any local rule.

The parties propose a fact discovery cut off of November 25, 2015. The parties believe that this time frame for fact discovery is appropriate given the nature of the claims and issues in this case.

## DISCOVERY PLAN

The parties propose the following pretrial schedule:

*Last date for completion of fact discovery*:     November 23, 2015.

*Last date for disclosure of initial expert reports*:   November 23, 2015.

*Last date for disclosure of rebuttal expert reports*:   December 21, 2016.

*Last date for Completion of Expert discovery*:   January 18, 2016.

*Last date to file Dispositive or Partially-Dispositive Motions:*  February 15, 2016.

*Pre-Trial Conference:*  April 4, 2016.

*Trial:*  April 11, 2016.

## SETTLEMENT

The parties will file their completed ADR-01 Settlement Procedure Selection form and Order concurrently herewith.

## TRIAL ESTIMATE

The parties estimate that the jury trial in this case would last between 3-4 days.

Respectfully Submitted,

| **TATAR LAW FIRM, APC** | **JONES DAY** |
|---|---|
| /s/Stephanie R. Tatar | /s/Nilab Rahyar |
| Stephanie R. Tatar | Nilab Rahyar |
| 3500 W. Olive Avenue, Suite 300 | 3161 Michelson Drive Suite 800 |
| Burbank, CA  91505 | Irvine, CA 92612 |
| Telephone:  (323) 744-1146 | Telephone:  (949) 851-3939 |
| Facsimile:   (888) 778-5695 | Facsimile:   (949) 553-7539 |
| Attorneys for Plaintiff | Attorney for Defendant Experian Information Solutions, Inc. |